People v Drumgo (2022 NY Slip Op 00188)





People v Drumgo


2022 NY Slip Op 00188


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-13539
2019-13540

[*1]The People of the State of New York, respondent,
v
Richard Drumgo, appellant. (S.C.I. Nos. 1307/19, 1308/19) Patricia Pazner, New York, NY (Lynn W. L. Fahey of counsel), for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Victoria Randall on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Queens County (Jerry Iannece, J., at pleas; Suzanne J. Melendez, J., at sentences), both rendered October 30, 2019, convicting him of attempted criminal possession of a forged instrument in the second degree under Superior Court Information No. 1307/2019, and attempted criminal possession of a forged instrument in the second degree under Superior Court Information No. 1308/2019, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which she moves for leave to withdraw as counsel for the appellant.
ORDERED that the judgments are affirmed.
Under the circumstances of this case, the brief filed by the defendant's assigned counsel pursuant to Anders v California (386 US 738) was sufficient because it addressed the essential issues in the case and, although the brief did not fully analyze the defendant's waiver of the right to appeal or the enforceability of the waiver, the enforceability or unenforceability of the defendant's waiver of the right to appeal makes no practical difference to the Anders outcome (see People v Morris, 187 AD3d 938, 939; People v Murray, 169 AD3d 227, 233). Moreover, upon an independent review of the record, we conclude that there are no nonfrivolous issues that could be raised on appeal (see People v Murray, 169 AD3d at 233). Counsel's application for leave to withdraw as counsel is, therefore, granted (see Anders v California, 386 US at 744; People v Murray, 169 AD3d at 235).
CHAMBERS, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court